IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| GLOBAL GEOPHYSICAL SERVICES, LLC | § | Case No. 16-20306 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| Tax ID:  47-2327582 | § | |
| | § | |
| In re | § | |
| | § | |
| GLOBAL GEOPHYSICAL SERVICES, INC. | § | Case No. 16-20307 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| Tax ID:  05-0574281 | § | |
| | § | |
| In re | § | |
| | § | |
| GLOBAL GEOPHYSICAL EAME, INC. | § | Case No. 16-20308 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| Tax ID:  27-3672130 | § | |
| | § | |
| In re | § | |
| | § | |
| GGS INTERNATIONAL HOLDINGS, INC. | § | Case No. 16-20309 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| Tax ID:  20-5702420 | § | |

| | | |
|---|---|---|
| **In re** § § § | | |
| **GLOBAL GEOPHYSICAL (MCD), LLC** § | Case No. 16-20310 | |
| Debtor. § | Chapter 11 | |
| Tax ID:  (Disregarded Entity for Tax Purposes) § | | |
| **In re** § | | |
| **GLOBAL AMBIENT SEISMIC, INC.** § | Case No. 16-20311 | |
| Debtor. § | Chapter 11 | |
| Tax ID:  27-3362256 § | | |
| **In re** § | | |
| **AUTOSEIS, INC.** § | Case No. 16-20305 | |
| Debtor. § | Chapter 11 | |
| Tax ID:  26-0265224 § | | |
| **In re** § | | |
| **AUTOSEIS DEVELOPMENT COMPANY** § | Case No. 16-20312 | |
| Debtor. § | Chapter 11 | |
| Tax ID:  27-4169066 § | | |

## ORDER GRANTING MOTION FOR JOINT ADMINISTRATION

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") directing the joint

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Active 27150346.1                           2

administration of the Debtors' chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion; and upon the First Day Declaration; it is HEREBY FOUND THAT:

    A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

    B.    The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

    C.    The Court may enter a final order consistent with Article III of the United States Constitution;

    D.    Venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

    E.    The relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest;

    F.    The Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided;

    G.    The Court has reviewed the Motion and heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and

    H.    The legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

Upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Motion is granted as set forth herein.

    2.    The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 16-20306.  Additionally, the following checked items are ordered:

      a.    __X__ One disclosure statement and plan of reorganization may be filed for both cases by any plan proponent.

      b.    _____ Case No. _____ (higher case number) shall be transferred to Judge _____, who has the lower numbered case.

      c.    __X__ Parties may request joint hearings on matters pending in any of the jointly administered cases.

      d.    __X__ Other: See below.

3.    The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **In re** § | § | **Chapter 11** |
| **GLOBAL GEOPHYSICAL** § | § | **Case No. 16-20306** |
| **SERVICES, LLC,** *et al.*[2] § | § | |
| **Debtors.** § | § | **Jointly Administered** |

4.    The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.    A docket entry, substantially similar to the following, shall be entered on the docket of Global Geophysical Services, LLC:

> An order has been entered in this case directing the joint administration of the chapter 11 cases of Autoseis, Inc., Case No. 16-20305; Global Geophysical Services, LLC, Case No. 16-20306; Global Geophysical Services, Inc., Case No. 16-20307; Global Geophysical EAME, Inc., Case No. 16-20308; GGS International Holdings, Inc., Case No. 16-20309; Global Geophysical (MCD), LLC, Case No. 16-20310; Global Ambient Seismic, Inc., Case No. 16-20311; and Autoseis Development Company, Case No. 16-20312. **All further pleadings**

---

[2]  The Debtors in these chapter 11 cases are: Global Geophysical Services, LLC (7582); Global Geophysical Services, Inc. (4281); Global Geophysical EAME, Inc. (2130); GGS International Holdings, Inc. (2420); Global Ambient Seismic, Inc. (2256); Autoseis, Inc. (5224); Autoseis Development Company (9066); and Global Geophysical (MCD), LLC (a disregarded entity for tax purposes).

**and other papers shall be filed in and all further docket entries shall be made in Case No. 16-20306.**

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. Any party in interest may request joint hearings on matters pending in any of these chapter 11 cases.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____

                                             The Honorable United States Bankruptcy Judge